UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WILLIE BRITTON, for the use and benefit of the United States, ) ) ) | |
| Plaintiff, ) ) | Case No.: 2:13-cv-00742-SGC |
| v. ) ) | |
| LINCARE, INC., ) ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**[1]

This is a *qui tam* action brought by Willie Britton on behalf of the United States of America against Lincare, Inc., pursuant to the False Claims Act, 31 U.S.C. §§ 3729 – 3733 (the "FCA"). (Doc. 1). The action was unsealed after the United States declined to intervene. (Docs. 4 & 5). On November 20, 2013, Lincare filed a motion to dismiss the complaint pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure* for failure to state a claim on which relief may be granted. (Doc. 8). Britton has responded (Doc. 13), and the parties have orally argued their positions (*see* Doc. 17 and docket entry dated March 11, 2015). For the reasons discussed below, Lincare's motion to dismiss is due to be granted, and this action is due to be dismissed with prejudice.

**I. Pleading Standard**

A False Claims Act complaint must meet the heightened pleading standard set forth in Rule 9(b) of the *Federal Rules of Civil Procedure*, meaning it must allege fraud with particularity. *U.S. ex rel. Clausen v. Lab. Corp. of America, Inc.*, 290 F.3d 1301, 1308-10 (11th

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and Rule 72 of the *Federal Rules of Civil Procedure*, the parties have voluntarily consented to the exercise of full dispositive jurisdiction by the undersigned magistrate judge. (Doc. 19).

1

Cir. 2002); *Hopper v. Solvay Pharm., Inc.*, 588 F.3d 1318, 1324 (11th Cir. 2009). "A False Claims Act complaint satisfies Rule 9(b) if it sets forth ' "facts as to time, place, and substance of the defendant's alleged fraud," specifically "the details of the defendants' allegedly fraudulent acts, when they occurred, and who engaged in them." ' " *Hopper*, 588 F.3d at 1324 (quoting *Clausen*, 290 F.3d at 1310). Failure to meet the pleading requirements of Rule 9(b) is grounds for dismissal pursuant to Rule 12(b)(6) for failure to state a claim on which relief may be granted. *U.S., ex rel., Shurick v. Boeing Co.*, 330 Fed. App'x 781, 783 (11th Cir. 2009) (citing *Clausen*, 290 F.3d at 1310; *United States ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1357 (11th Cir. 2006)). When considering a Rule 12(b)(6) motion, a court accepts the factual allegations of the complaint as true and construes them in the light most favorable to the plaintiff. *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1335 (11th Cir. 2012). However, a court is not required to accept a plaintiff's legal conclusions unsupported by facts. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff's factual allegations must support a claim for relief that is plausible on its face and rises above mere speculation. *Id.*

## II. Complaint

Lincare is an oxygen respiratory company. (Doc. 1 at ¶ 11). Britton is employed as a service representative for Lincare. (*Id.* at ¶ 9). More specifically, Britton delivers nebulizers. (*Id.* at ¶ 2). In his capacity as a Lincare service representative, Britton explains prescriptions and demonstrates proper breathing techniques for use with a nebulizer, which are tasks Lincare's internal documents require to be performed by a clinician. (*Id.* at ¶¶ 2, 5, 12-13, 15, 17-18). Lincare relies on its service representatives to perform patient education services because it has many more clients in the Birmingham area than the single clinician it employees in that market can serve. (Id. at ¶ 20). The complaint both alleges "[u]pon information and belief," Lincare

bills Medicare for the patient education services Britton performs, and "[t]o the extent" Lincare bills Medicaid for patient education services, Britton performs those services. (*Id.* at ¶¶ 3-4, 16). The complaint states a count under § 3729(a)(1), alleging Lincare knowingly presented or caused to be presented false or fraudulent claims for payment by the United States. (*Id.* at ¶¶ 21-26). The complaint also states a count under § 3729(a)(2), alleging Lincare knowingly made, used, or caused to be made or used, false or fraudulent statements and certifications to get a false or fraudulent claim paid by the United States. (*Id.* at ¶¶ 27-30).

### III. Discussion

The FCA imposes civil liability on persons who defraud the government. A private citizen, known as a "relator," may commence an action, known as a "*qui tam* action," on behalf of the United States to enforce the provisions of the FCA. § 3730(b). Although the Fraud Enforcement and Recovery Act of 2009, Pub. L. No. 111-21, 123 Stat. 1617 ("FERA"), amended and renumbered sections of the FCA,[2] the complaint in question specifically alleges violations of §§ 3729(a)(1) and (a)(2), the pre-amendment versions of the FCA's "presentment" and "make-or-use" provisions. (*See* Doc. 1 at Counts I & II). Counts I and II of the complaint parrot the language of §§ 3729(a)(1) and (a)(2) (1994), respectively. (*Compare* Doc. 1 at 4-6, *with* §§ 3729(a)(1) and (a)(2) (1994)). Furthermore, the parties have briefed the pending motion to dismiss under the pre-amendment version of the FCA. (*See* Docs. 8 and 13). Accordingly, the undersigned will address the sufficiency of Britton's complaint under §§ 3729(a)(1) and (a)(2) (1994).

---

[2] The amendments to the FCA took effect on May 20, 2009, the date of FERA's enactment, and apply to conduct on or after that date, except that amendment of § 3729(a)(2) took effect on June 7, 2008 and applies to all "claims" pending on or after that date. Pub. L. No. 111-21, § 4(f), 123 Stat. at 1625. The Eleventh Circuit has interpreted the word "claim" to mean "any request or demand . . . for money or property," as defined by 31 U.S.C. § 3729(b)(2)(a) (2009), rather than a case pending before a district court. *Hopper*, 588 F.3d at 1327 n.3.

The pre-amendment version of the FCA's "presentment" provision imposes civil liability on any person who "knowingly presents, or causes to be presented, to an officer or employee of the United States Government or a member of the Armed Forces of the United States a false or fraudulent claim for payment or approval." § 3729(a)(1) (1994). The pre-amendment version of the FCA's "make-or-use" provision imposes civil liability on any person who "knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government." § 3729(a)(2) (1994). Lincare argues Britton fails to plead the presentment of a claim under § 3729(a)(1) or the payment of a claim under § 3729(a)(2) sufficiently. (Doc. 8 at 5-12). In the alternative, Lincare argues Britton fails to allege the violation of any Medicare or Medicaid billing or supplier requirement. (*Id.* at 12-15). In response to this alternative argument, Britton cites guidelines for billing Medicare published by the American Academy of Respiratory Care and claims to proceed under an implied false certification theory. (Doc. 13 at 2-4).[3] Although there is some question whether Britton has alleged a basis for the falsity or fraudulence of any claim for patient education services performed by a Lincare service representative that was submitted for Medicare or Medicaid reimbursement, the undersigned need not address this issue because, regardless, Britton has failed to plead the other elements of his claims sufficiently.

A. **§ 3729(a)(1) Claim**

The pre-amendment version of the FCA's "presentment" provision requires the actual submission of a false or fraudulent claim to the government. *Clausen*, 290 F.3d at 1311. Rule 9(b) "does not permit a False Claims Act plaintiff merely to describe a private scheme in detail but then to allege simply and without any stated reason for his belief that claims requesting

---

[3] "[A]n implied certification theory . . . recognizes that the FCA is violated where compliance with a law, rule, or regulation is a prerequisite to payment but a claim is made when a participant has engaged in a knowing violation." *U.S. ex rel. Keeler v. Eisai, Inc.*, 568 Fed. App'x 783, 799 (11th Cir. 2014).

illegal payments must have been submitted, were likely submitted or should have been submitted to the Government." *Id.* Rather, "some indicia of reliability must be given in the complaint to support the allegation of *an actual false claim* for payment being made to the Government." *Id.* (emphasis in original). Whether a complaint contains indicia of reliability to support the allegation of an actual false or fraudulent claim that satisfies Rule 9(b) is determined on a case-by-case basis. *Atkins*, 470 F.3d at 1358. The Eleventh Circuit has recently synthesized case law articulating the standard for pleading the actual submission of a false or fraudulent claim:

> Providing exact billing data—name, date, amount, and services rendered—or attaching a representative sample claim is one way a complaint can establish the necessary indicia of reliability that a false claim was actually submitted. However, there is no per se rule that an FCA complaint must provide exact billing data or attach a representative sample claim. Under this Court's nuanced, case-by-case approach, other means are available to present the required indicia of reliability that a false claim was actually submitted. Although there are not bright line rules, our case law has indicated that a relator with direct, first-hand knowledge of the defendants' submission of false claims gained through her employment with the defendants may have a sufficient basis for asserting that the defendants actually submitted false claims. By contrast, a plaintiff-relator without first-hand knowledge of the defendants' billing practices is unlikely to have a sufficient basis for such an allegation. Additionally, a corporate outsider likely does not have the required access to learn enough about the defendants' billing practices. At a minimum, a plaintiff-relator must explain the basis for her assertion that fraudulent claims were actually submitted. It is not enough for the plaintiff-relator to state baldly that he was aware of the defendants' billing practices, to base his knowledge on rumors, or to offer only conjecture about the source of his knowledge.

*U.S. ex rel. Mastej v. Health Mgmt. Assocs., Inc.*, 591 Fed. App'x 693, 704-05 (2014) (internal citations omitted), *petition for cert. docketed*, No. 14-1154 (U.S. Mar. 23, 2015).

For example, in *Mastej*, the relator claimed a hospital operator and its subsidiary violated the FCA by seeking Medicare reimbursement for patients referred to a medical center through pay-for-referral schemes that violated federal statutes. *Id.* at 697. The operative complaint

5

summarily stated the defendants submitted Medicare claims for patients referred through the schemes without providing the date or amount of any claim submitted or paid or alleging the frequency of claims. *Id.* at 706. Nonetheless, because the relator was a corporate insider with "highly significant employment roles and duties" and alleged "he was not only in a position to know but also gained access to the relevant information during his employment," the Eleventh Circuit held the operative complaint contained sufficient indicia of reliability to support the relator's allegation he had personal knowledge the defendants actually submitted Medicare claims for patients referred through the schemes during the time he was employed by the defendants. *Id.* at 708-09. However, the court held the complaint did not satisfy Rule 9(b) with respect to the allegation the defendants sought and received Medicare reimbursement for patients referred through the schemes even after the relator ended his employment with the defendants because the relator was no longer privy to information about the defendants' business and billing practices or revenue from Medicare reimbursements, leaving only the generalized and conclusory allegations regarding submission of claims. *Id.* at 709-10.

Similarly, in *Hopper* the Eleventh Circuit held the operative complaint failed to allege the actual submission of a false or fraudulent claim sufficiently where it neither provided billing data for alleged false claims nor alleged the relators had personal knowledge of the billing practices of any person or entity who submitted false claims. 588 F.3d at 1326; *see also Clausen*, 290 F.3d at 1311-12 (operative complaint failed to plead actual submission of false or fraudulent claim sufficiently where it did not provide copy of asingle bill or payment; identify any specific claim submitted to government, amount of any charge, or actual date of any claim; describe defendant's billing practices even based on second-hand information; or otherwise support

conclusory allegation defendant submitted false claims to government "on the 'date of service or within a few days thereafter'").

Applying Rule 9(b) through the lens of Eleventh Circuit jurisprudence addressing motions to dismiss *qui tam* actions for failure to state a claim on which relief may be granted, it is clear Britton fails to plead the actual submission of a false or fraudulent claim sufficiently. He does not provide a sample claim or any billing data. The complaint does not specify when any of the conduct Britton vaguely describes occurred. Britton does not allege he ever worked in Lincare's billing department or otherwise has first-hand knowledge of Lincare's billing practices or the actual submission of a false or fraudulent claim. In fact, Britton does not even affirmatively allege Lincare actually submitted a false or fraudulent claim for Medicare or Medicaid reimbursement. Rather, he alleges "[u]pon information and belief," Lincare bills Medicare for patient education services he performs, and "[t]o the extent" Lincare bills Medicaid for patient education, he performs those services. (*See* Doc. 1 at ¶¶ 4, 16). These speculative, conclusory allegations are plainly insufficient to state a claim against Lincare pursuant to § 3729(a)(1) (1994). *See Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1013-14 (11th Cir. 2005) (relator's allegations, "often based 'on information and belief,'" lacked indicia of reliability because they failed to provide underlying basis for relator's assertions); *Clausen*, 290 F.3d at 1311 (allegations a false or fraudulent claim "must have been submitted, were likely submitted or should have been submitted to the Government" fail to satisfy Rule 9(b)).

Britton argues that unlike the relator in *Clausen*, who worked for the defendant's competitor, he "was directly involved in the challenged practice: using the delivery personnel such as himself to provide respiratory set up and education services." (Doc. 13 at 5). However, the relevant inquiry for purposes of determining whether a complaint has pled the actual

submission of a claim sufficiently is whether the relator purports to have direct, first-hand knowledge of the defendant's *billing practices*. *See Mastej*, 591 Fed. App'x at 704 (citing *U.S. ex rel. Walker v. R & F Properties of Lake County, Inc.*, 433 F.3d 1349, 1360 (11th Cir. 2005); *Atkins*, 470 F.3d at 1359).  Britton, like the plaintiff in *Clausen*, does not.  Britton also appears to argue he has pled submission of an actual claim sufficiently because it would not make sense for Lincare to perform patient education services but not bill Medicare or Medicaid for the provision of such services.  (*Id.* at 7-8).  However, allegations that false claims "must have been submitted, were likely submitted or should have been submitted" without more are insufficient to satisfy Rule 9(b).  *Clausen*, 290 F.3d at 1311; *Mastej*, 2014 WL 5471925, at 704, 709.

In sum, the complaint contains no indicia of reliability to support any allegation a false or fraudulent claim was actually submitted for Medicare or Medicaid reimbursement and fails to plead a § 3729(a)(1) claim that is more than merely speculative.

### B. § 3729(a)(2) Claim

A relator need not prove the presentment of a claim to make out a violation under the pre-amendment version of the FCA's "make-or-use" provision. *Hopper*, 588 F.3d at 1327.  Rather, § 3729(a)(2) requires that (1) the defendant made a false record or statement for the purpose of getting a false claim paid or approved by the government, and (2) the false record or statement caused the government to actually pay a false or fraudulent claim.  *Id.*  That is, under § 3729(a)(2), a complaint must allege the government in fact paid a false claim.  *Id.* at 1328-29.

Although Britton cursorily alleges Lincare made false statements or certifications, (Doc. 1 at ¶ 28), the complaint does not identify what these false statements or certifications were. Furthermore, Britton does not allege any facts to support his cursory allegation Lincare made these unidentified false statements or certifications for the purpose of getting a false or fraudulent

claim allowed or paid by the United States.  Finally, the complaint does not contain even a cursory allegation the United States allowed or paid any claim submitted by Lincare, much less any facts that would support an allegation the government in fact paid a false claim.

Although in *Hopper* the Eleventh Circuit contemplated the possibility that the pleading standard for claims brought pursuant to § 3729(a)(2) is more relaxed than for claims brought pursuant to § 3729(a)(1), Britton's complaint fails to satisfy even the general pleading standard embodied by Rule 8(a)(2) of the *Federal Rules of Civil Procedure*.  "[L]abels and conclusions," "a formulaic recitation of the elements of a cause of action," and "naked assertion[s] devoid of further factual enhancement" are insufficient to satisfy that standard.  *Iqbal*, 556 U.S. at 678.  As to Britton's § 3729(a)(2) claim, all the complaint contains is a bare, conclusory recitation of the elements.  Therefore, he has failed to plead a plausible § 3729(a)(2) claim.

### C. Amendment

"Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint."  *Corsello,* 429 F.3d at 1014.  However, " '[a] district court is not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend [] or requested leave to amend before the district court.'"  *U.S. ex rel. Sanchez v. Lymphtax, Inc.*,  596 F.3d 1300, 1303 (11th Cir. 2010) (quoting *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002)).  In his response to Lincare's motion to dismiss, Britton notes he "is entitled to 'one chance to amend the complaint and bring it into compliance with the rule,'" (Doc. 13 at 2 n.1), and states the motion to dismiss "is due to be denied or in the alternative he be given one opportunity to cure" (*id.* at 8).  Whether these lone statements could be construed as requests to amend the complaint is questionable.

Even if they could, the request would be due to be denied. When moving to amend his complaint, a plaintiff must either attach a copy of his proposed amended complaint to his motion to amend or set forth the substance of his proposed amended complaint in the motion. *Atkins*, 470 F.3d at 1362 (citing *Long v. Satz*, 181 F.3d 1275 (11th Cir. 1999)). For example, in *Atkins*, the relator requested leave to amend his complaint in the body of a memorandum filed in opposition to the defendants' motion to dismiss. 470 F.3d at 1361. Assuming the request was the functional equivalent of a motion, the Eleventh Circuit affirmed the district court's rejection of the request on the grounds the relator failed to attach his proposed amended complaint to or set forth the substance of his proposed amended complaint in his memorandum. *Id.* 1362. Britton has not attached a copy of any proposed amended complaint to his response to Lincare's motion to dismiss or otherwise suggested how he would amend his complaint to comply with Rule 9(b). Notably, counsel for Britton did not even make an oral motion to amend the complaint during the hearing on the pending motion to dismiss after counsel for Lincare called attention to Britton's failure to move to amend his complaint during the more than fifteen months the motion to dismiss has been pending. Under these circumstances, Britton's complaint is due to be dismissed outright.

### IV. Conclusion

For the foregoing reasons, Lincare's motion to dismiss (Doc. 8) is due to be granted, and this action is due to be dismissed with prejudice.

**DONE** this 30th day of March, 2015.

STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE