Case 2:13-cv-00742-SGC   Document 26-1   Filed 01/08/16   Page 1 of 9
Case: 15-11897    Date Filed: 12/10/2015    Page: 1 of 8

FILED
2016 Jan-08 PM 02:06
U.S. DISTRICT COURT
N.D. OF ALABAMA

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-11897
Non-Argument Calendar

_____

D.C. Docket No. 2:13-cv-00742-SGC

WILLIE BRITTON,
for the use and benefit of United States of America,

                Plaintiff - Appellant,

versus

LINCARE INC,

                Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(December 10, 2015)

Before MARCUS, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

  In this qui tam action, the plaintiff-relator Willie Britton seeks to recover damages under the False Claims Act, 31 U.S.C. § 3729 et seq., as a result of

alleged fraudulent billing of the United States Government by the defendant Lincare, Inc., an oxygen respiratory company. The district court dismissed the relator's complaint with prejudice and without leave to amend for failing to plead with particularity as required under Federal Rule of Civil Procedure 9(b). On appeal, Britton argues that: (1) the district court erred in dismissing his claims under the False Claims Act; and (2) the district court erred in denying Britton's request to file an amended complaint. After thorough review, we affirm.

We review de novo a district court's order to dismiss a case for failing to state a claim. Coventry First, LLC v. McCarty, 605 F.3d 865, 868-69 (11th Cir. 2010). We accept as true the facts as alleged in the complaint. United States ex rel. Clausen v. Lab. Corp. of Am., Inc., 290 F.3d 1301, 1303 n.2 (11th Cir. 2002). The district court's denial of a motion for leave to amend is reviewed for abuse of discretion. SFM Holdings, Ltd. v. Banc of Am. Sec., LLC, 600 F.3d 1334, 1336 (11th Cir. 2010).

The relevant facts are these. The relator, Willie Britton, was employed as a delivery person for defendant Lincare. Britton delivered nebulizers to Lincare patients, explained the doctor's prescription, and demonstrated proper breathing technique while operating the nebulizer. Lincare's internal guidelines, however, provide that these explanations and demonstrations are to be performed by a "clinician only." Britton has no respiratory training or certification to credential

him as a clinician. The assistance he provided, Britton claims, should have been performed by a "Health Care Specialist," such as a Licensed Practical Nurse, Registered Respiratory Therapist, or Certified Respiratory Therapist. Britton says that Lincare is forced to rely on delivery personnel like him to complete these educational tasks because its one Licensed Healthcare Representative in the Birmingham area is unable to serve all of Lincare's clients.

Britton's complaint alleges "[u]pon information and belief" that Lincare bills Medicare for the patient education services Britton performs, and "[t]o the extent" Lincare bills Medicaid for patient education services, Britton performs those services. The complaint claims a violation of § 3729(a)(1), alleging that Lincare knowingly presented or caused to be presented false or fraudulent claims for payment by the United States by concealing material information as to who was performing "clinician only" tasks. The complaint also claims a violation of § 3729(a)(2), alleging that Lincare knowingly made, used, or caused to be made or used, false or fraudulent statements and certifications to get a false or fraudulent claim paid by the United States.

On March 30, 2015, the district court granted Lincare's motion to dismiss. The court said Britton's complaint contained only "a bare, conclusory recitation of the elements," and Britton "fail[ed] to plead the actual submission of a false or fraudulent claim sufficiently." The dismissal was with prejudice and without leave

to amend because, to the extent Britton moved for an opportunity to amend, he did not attach a copy or otherwise set forth the substance of a proposed amended complaint. This appeal follows.

First, we are unpersuaded by Britton's claim that the district court erred in dismissing his False Claims Act causes of action. The False Claims Act subjects to civil liability any person who "knowingly presents, or causes to be presented, to . . . the United States Government . . . a false or fraudulent claim for payment or approval," 31 U.S.C. § 3729(a)(1) (1994), or who "knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government," id. § 3729(a)(2).[1]

Actions brought under the False Claims Act must state with particularity the circumstances constituting fraud or mistake. See Clausen, 290 F.3d at 1309-11 (applying the Rule 9(b) pleading standard of the Federal Rules of Civil Procedure). The plaintiff must plead "facts as to time, place, and substance of the defendant's alleged fraud," including "the details of the defendant[']s allegedly fraudulent acts,

---

[1] The False Claims Act was amended and renumbered by the Fraud Enforcement and Recovery Act of 2009, Pub. L. No. 111-21, 123 Stat. 1617 ("FERA"). Britton's complaint quotes the pre-amendment version cited here. The FERA amendments apply to conduct on or after May 20, 2009, except the amendment of § 3729(a)(2) applies to all "claims" pending on or after June 7, 2008. Pub. L. No. 111-21, §4(f), 123 Stat. at 1625. Because we have interpreted "claim" to mean "any request or demand . . . for money or property," Hopper v. Solvay Pharm., Inc., 588 F.3d 1318, 1327 n.3 (11th Cir. 2009), Britton may bring an action now under the pre-FERA version of the Act for claims submitted prior to June 7, 2008. The district court addressed the sufficiency of Britton's complaint under the pre-FERA sections, as briefed by the parties, and we do the same.

when they occurred, and who engaged in them." Cooper v. Blue Cross & Blue Shield of Fla., Inc., 19 F.3d 562, 567-68 (11th Cir. 1994). The plaintiff is not permitted "merely to describe a private scheme in detail but then to allege simply and without any stated reason for his belief that claims requesting illegal payments must have been submitted, were likely submitted or should have been submitted to the Government." Clausen, 290 F.3d at 1311.

We affirmed the district court's dismissal in Clausen where the relator failed to identify the dates or amounts of fraudulent claims, provide a copy of a single bill or payment, or describe even secondhand information about the defendant medical company's billing practices. Id. at 1312. Similarly, in Corsello v. Lincare, Inc., 428 F.3d 1008, 1013 (11th Cir. 2005), we affirmed the dismissal where a Lincare employee's complaint "failed to provide a factual basis to conclude fraudulent claims were ever actually submitted to the government in violation of the False Claims Act." "In short," we said, "Corsello provided the 'who,' 'what,' 'where,' 'when,' and 'how' of improper practices, but he failed to allege the 'who,' 'what,' 'where,' 'when,' and 'how' of fraudulent submissions to the government." Id. at 1014. And in United States ex rel. Atkins v. McInteer, 470 F.3d 1350, 1359 (11th Cir. 2006), we affirmed the district court's dismissal where the relator cited patients, dates, and services that were not eligible for government reimbursement,

5

but lacked firsthand knowledge of the defendants' actual submission of false claims.

Here, Britton's complaint alleges that he performed services that Lincare's internal documents reserved for clinicians. However, "[t]he False Claims Act does not create liability merely for a health care provider's disregard of Government regulations or improper internal policies unless, as a result of such acts, the provider knowingly asks the Government to pay amounts it does not owe." Clausen, 290 F.3d at 1311. Britton is unable to muster any facts tending to show that Lincare asked the Government to pay amounts it does not owe. He disclaims any knowledge of Lincare's billing practices, and does not allege the "who," "what," "where," "when," and "how" of fraudulent submissions to the government. Nor does Britton allege that the United States actually paid a false claim, or that Lincare intended for the government to rely on false statements in deciding whether to pay a false claim. See Hooper, 588 F.3d at 1329-30 (holding that actual payment of a claim is an element of § 3729(a)(2), and dismissing the relator's action because even if actual payment need not be pled with particularity, the complaint failed to allege that the defendants intended for the government to rely on their false statements in deciding whether to pay a false claim).

In sum, Britton claims "[u]pon information and belief" that Lincare wrongfully billed Medicare for his services, and "to the extent" Lincare billed

Medicaid for his services he is entitled to relief. But absent facts demonstrating the actual submission of false claims, this kind of speculation is insufficient to satisfy the pleading standard set by Rule 9(b).

We also find no merit to Britton's claim that the district court abused its discretion by failing to provide him an opportunity to submit an amended complaint prior to dismissal. In Atkins we explained that if a plaintiff wants to amend his complaint he "must either attach a copy of the proposed amendment to the motion or set forth the substance thereof." 470 F.3d at 1362; see also Urquilla-Diaz v. Kaplan Univ., 780 F.3d 1039, 1057 n.14 (11th Cir. 2015) ("Diaz never made a motion to amend his complaint, nor did he ever suggest how he could cure his defective complaint in a subsequent pleading. Under our precedent, the district court's decision was not an abuse of discretion."); Lord Abbett Mun. Income Fund, Inc. v. Tyson, 671 F.3d 1203, 1208 (11th Cir. 2012) ("The Fund's request for leave to amend appeared in its response to the Defendant's motion to dismiss. The Fund failed, however, to attach a copy of this proposed amendment or set forth its substance. Therefore, the district court did not err by denying the Fund's request.").

In his response to Lincare's motion to dismiss, Britton included a footnote stating, "Plaintiff is entitled to 'one chance to amend the complaint and bring it into compliance with the rule'" (citing U.S. ex rel. Clausen v. Laboratory Corp. of

America, Inc., 290 F.3d 1301, 1308 (2002)). In the same response he also argued that "Lincare's Motion to Dismiss is due to be denied or in the alternative he be given one opportunity to cure." The district court decided that, "even if" these statements could be construed as requests to amend the complaint, Britton failed to set forth how he would amend his complaint to comply with Rule 9(b). On this record, the district court did not abuse its discretion by dismissing his complaint without leave to amend.

    **AFFIRMED.**

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

Amy C. Nerenberg
Acting Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

December 10, 2015

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 15-11897-FF
Case Style: Willie Britton v. Lincare Inc
District Court Docket No: 2:13-cv-00742-SGC

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the CRIMINAL JUSTICE ACT must file a CJA voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for a writ of certiorari (whichever is later).

Pursuant to Fed.R.App.P. 39, costs taxed against the appellant.

The Bill of Costs form is available on the internet at www.ca11.uscourts.gov

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Janet K. Mohler, FF at (404) 335-6178.

Sincerely,

AMY C. NERENBERG, Acting Clerk of Court

Reply to: Djuanna Clark
Phone #: 404-335-6161

OPIN-1A Issuance of Opinion With Costs